UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>STEPHEN WELCH and ANNETTE WELCH,<br><br>　　　　　　　　　　Debtors.<br><br>DONALD McEDWARDS, individually, as Beneficiary of his self-directed IRA, as Beneficiary of the TMG Solo K. Plan, and as Beneficiry of the TMG Trust Defined Benefit Plan,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STEPHEN A. WELCH,<br><br>　　　　　　　　　　Defendant. | Bankruptcy Case<br>No. 13-60365-fra7<br><br><br>Adversary Proceeding<br>No. 13-6032-fra<br><br><br><br><br><br><br><br><br>MEMORANDUM OPINION |

Plaintiff filed his complaint against Debtor/Defendant, objecting to the dischargeability of his debt and thereafter filed a motion for summary judgment, to which the Defendant did not respond. The Court finds that this matter is appropriate for adjudication without hearing, and for the following reasons finds for Plaintiff.

## FACTS

Defendant and his spouse filed a chapter 7 bankruptcy petition and, prior to the entry of discharge, the Plaintiff filed a timely complaint seeking a judgment declaring that a default money judgment obtained by

Page 1 - MEMORANDUM OPINION

Plaintiff in the Superior Court of California for Mendocino County is excepted from the bankruptcy discharge. An answer was filed by Defendant denying the substantive allegations of the complaint. Plaintiff thereafter filed an amended complaint and a motion for summary judgment declaring the debt nondischargeable under 11 U.S.C §§ 523(a)(2)(A) and 523(a)(4).

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

A. The Default Judgment

The default judgment entered in Mendocino County (Default Judgment) in favor of Plaintiff herein and against Defendant states that "after evidence having been considered by the Court, the Court finds that as to each and every cause of action in the complaint and as set forth in Plaintiff McEdwards' Application for

Page 2 - MEMORANDUM OPINION

Default Judgment, Defendant Stephen Alan Welch committed actual fraud proximately causing damage to McEdwards in the following amounts as to the following named transaction:" The judgment then lists a series of loan transactions with principal and accrued interest totaling $1,830,048.57. The money judgment was entered in that amount.

B. Collateral Estoppel / Issue Preclusion

Collateral estoppel is the doctrine barring a party from relitigating an issue determined against that party in an earlier action. Black's Law Dictionary 712 (8th ed. 2004). In West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1525 (9th Cir. 1990), the Ninth Circuit stated:

> It is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed. 2d 56 (1984); accord Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir. 1986); see also 28 U.S.C. § 1738.

Thus, in determining whether collateral estoppel applies, the bankruptcy court must look to the law of issue preclusion in the state where the judgment sought to be given preclusive effect was initially entered - in this case California.

In California, there are five threshold requirements for application of collateral estoppel:

(1) the issue sought to be precluded from relitigation must be identical to that decided in the former proceeding,

(2) this issue must have been actually litigated in the former proceeding,

(3) it must have been necessarily decided in the former proceeding,

(4) the decision in the former proceeding must be final and on the merits, and

(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240 (9th Cir. 2001).

In order to establish fraud under 11 U.S.C. § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence the following five elements: (1) the debtor made a material misrepresentation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5) due

Page 3 -   MEMORANDUM OPINION

to which the creditor sustained loss or damage. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992). In the State Court complaint, the Plaintiff adequately alleged facts that would satisfy the elements under § 523(a)(2)(A). The complaint alleges that Defendant was acting as Plaintiff's agent in a fiduciary capacity and had a confidential relationship with him as a result of Plaintiff's trust and confidence in Defendant's honesty and integrity as a real estate professional. From this one can assume that any reliance in Defendant by Plaintiff was justified under the circumstances. Money was transferred from Plaintiff to Defendant, relying on the Defendant's representations that Plaintiff would obtain promissory notes and deeds of trust; Defendant made those representations knowing they were false and with the intention of deceiving Plaintiff; based on Plaintiff's reliance on those misrepresentations he sustained losses in the amounts alleged. Moreover, those issues must have been necessarily decided in the State Court proceeding to obtain the judgment of actual fraud.

The above satisfies the threshold requirements for collateral estoppel in California courts, with the exception of the "actually litigated" element. In California, "[a] default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment." Williams v. Williams (In re Williams Estate), 36 Cal.2d 289, 223 P.2d 248, 252 (1950). Two limitations were placed on this rule, however. First, it must be shown that the defendant "has been personally served with summons or has actual knowledge of the existence of the litigation." Id. at 254. Second, an issue may have preclusive effect "only where the record shows an express finding upon the allegation." Id. at 252. "However, 'the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue'." In re Biring, 2012 WL 370877, p. 5 (9th Cir. BAP 2012)(citing Cantrell v. Cal-Micro, Inc. (In re Cantrell, 329 F.3d 1119, 1124 (9th Cir. 2003)).

Plaintiff attached to his motion a proof of personal service of the summons and complaint on the Defendant in the State Court litigation.[1] The Default Judgment recites that it "finds as to each and every

---

[1] In Defendant's Answer, he stated that he was not served with the "amended complaint" in the state court action. That may be, but is not relevant at this point. Plaintiff submitted a declaration from the
(continued...)

Page 4 - MEMORANDUM OPINION

cause of action in the complaint." Moreover, the state court necessarily decided the issue of actual fraud in its default judgment, waiving the requirement that the court make an express finding as to each element of the claim. The Default Judgment would therefore be treated as any other judgment in the California courts with regard to estoppel. As it has already been determined that the judgment satisfies the elements under § 523(a)(2)(A), the Default Judgment is therefore nondischargeable.

## CONCLUSION

For the foregoing reasons, the default money judgment from the Superior Court of California for Mendocino County awarding Plaintiff damages for actual fraud is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[2] Counsel for Plaintiff should submit an order granting summary judgment to Plaintiff and a form of judgment in favor of Plaintiff, consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[1](...continued)
attorney who litigated the state court matter which indicates that first and second amended complaints were filed after Defendant's default which added allegations against other defendants and substituted actual names for Doe defendants, but did not affect the allegations against Defendant.

[2] The Complaint also seeks nondischargeability under 11 U.S.C. § 523(a)(4), presumably for fraud or defalcation while acting in a fiduciary capacity. Because "fiduciary" requires an express or technical trust in the context of § 523(a)(4), Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir. 1986), and no findings were made on that issue in the state court judgment, nondischargeability will be limited to that stated.

Page 5 - MEMORANDUM OPINION